UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHANIEL MALOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:23-cv-00535 (UNA) |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case without prejudice for the reasons stated herein.

Plaintiff, a resident of Pahrump, Nevada, sues the Internal Revenue Service ("IRS"), and asserts federal question jurisdiction, however, his complaint is far from a model of clarity. He cites to the False Claims Act ("FCA"), 31 U.S.C. § 3730, and alleges that the IRS is not "allowing [him] to close the case even though [he] frauded the bank account . . . leaving [him] to deal with this however they see fit." He demands somewhere between $150,000 and $200,000, because "the above mentioned . . . bank account associated with this case is fraudulent and [he has] closed it," but the IRS is allegedly "not allowing [him] to close [the] case"

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive

fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls into this category.

Second, plaintiff has failed to establish subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff attempts to raise a federal question under the FCA, "an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003). The FCA authorizes a private individual, as a relator, "to bring [a *qui tam*] action in the Government's name, and to recover a portion of the proceeds of the action, subject to the requirements of the statute." *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (citations omitted); 31 U.S.C. § 3730. In federal courts such as this one, a plaintiff "may plead and conduct their own cases personally or by counsel[,]" 28 U.S.C. § 1654, but when the United States is "the real party

in interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015), a "*pro se* plaintiff may not file a *qui tam* action[,]" *Jones v. Jindal*, 409 Fed. App'x. 356, *1 (D.C. Cir. 2011) (per curiam); *see also Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government.") (citing cases); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants.").

It is well established that "*pro se* parties may not pursue [*qui tam*] actions on behalf of the United States." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015) (quoting *U.S. ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196–97 (D.D.C. 2005)); *see Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States") (citing cases). Therefore, even if his claims could be understood, plaintiff has neither a constitutional nor a statutory right to pursue them without counsel.

Furthermore, plaintiff does not attempt to invoke diversity jurisdiction, but even if he did, he would be unsuccessful. Assuming *arguendo* there was a cognizable claim against the IRS, its presence in this District is irrelevant because federal agencies are not considered "citizens of a state." *Texas v. ICC*, 258 U.S. 158, 160 (1922); *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584–85 (D.C. Cir. 1993).

Finally, federal district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1). However, the Tucker and Little Tucker Acts, 28 U.S.C. §§ 1491, 1346(a)(2), set limits on the circumstances in which the United States may be sued for monetary relief. The United States Court of Federal Claims generally has exclusive jurisdiction over claims, such as here, "not sounding in tort" and brought "against the United States for 'liquidated or unliquidated damages'" exceeding $10,000. *Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006) (quoting 28 U.S.C. § 1491); *see Kidwell v. Dep't of Army, Bd. for Correction of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995) ("[A] claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government.") (citations omitted). Here, plaintiff demands more than $10,000, therefore, even he has stated a claim, the United States Court of Federal Claims would have jurisdiction over it. *See* 28 U.S.C. § 1346(a)(2).

For all of these reasons, the court grants plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and dismisses the complaint without prejudice, ECF No. 1. An order accompanies this memorandum opinion.

Date:   April 14, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge